IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

CYNTHIA E. FOXWORTH and
ORLANDO J. FOXWORTH,

           Plaintiffs,

v.

WUKELA LAW FIRM,
SYLVIA R. FOXWORTH, and
APRIL S. PURVIS, ESQUIRE,

           Defendants.

Civil Action Number 3:09CV750

## MEMORANDUM OPINION

This matter is before the Court on the defendants' motion to dismiss. For the reasons stated herein, the defendants' motion to dismiss will be granted pursuant to Federal Rule of Civil Procedure 12(b)(1).

This case arises from a domestic relations matter involving the *pro se* plaintiffs, Cynthia E. Foxworth and Orlando J. Foxworth, who are married to each other, and Orlando J. Foxworth's former wife, Sylvia R. Foxworth, one of the defendants. The other defendants are the Wukela Law Firm, which is not incorporated but is operated by South Carolina attorney Steve Wukela, Jr. ("Wukela") and is located in Florence, South Carolina. In 1990, Wukela was retained in South Carolina by defendant Sylvia R. Foxworth to represent her in a domestic relations matter in the Family Court for the Twelfth Judicial Circuit for the State of South Carolina ("Family Court") involving a divorce and alimony with regard to her then-husband, Orlando J. Foxworth. In August 1990, an order was issued by the Family Court requiring, *inter alia*, that Orlando J. Foxworth pay

1

Sylvia R. Foxworth alimony. Thereafter, in September 1991, the Family Court issued a divorce decree. The third defendant, April Purvis ("Purvis"), is also an attorney in South Carolina. She practices law with Wukela, and she was retained in 2009 to represent Sylvia R. Foxworth in an action in the same Family Court with regard to a *pro se* action filed by Orlando J. Foxworth seeking to terminate his alimony obligation. By order issued in September 2009, the Family Court dismissed Orlando J. Foxworth's action for termination of his alimony obligation, ordered him to pay attorney's fees and costs incurred by Sylvia R. Foxworth, and ordered him to resume paying alimony to Sylvia R. Foxworth. Further proceedings were pending in the Family Court as of the time the motion to dismiss was filed.

The Complaint filed in this matter states that plaintiff Cynthia E. Foxworth, Orlando J. Foxworth's current wife, "was brought into this [domestic relations] case as a third party" when the Family Court "combined [her] income with plaintiff, Orlando J. Foxworth." The Complaint lists both Cynthia E. Foxworth and Orlando J. Foxworth as plaintiffs and both signed it, but it primarily deals with Cynthia E. Foxworth as it refers to "I" and "my income." The plaintiffs' main complaints seem to be that the Family Court has taken Cynthia E. Foxworth's income into consideration with regard to one or more of its decisions and that other actions taken by the Family Court were purportedly incorrect. The Complaint states that "[b]oth Plaintiffs have endured trauma and anxiety." It also states that the purpose of this action "is to have the parties involved [presumably the defendants] suffer the pain cause [sic] by their actions." It lists a demand of $500,000.00.

Before this matter may proceed, the Court has an affirmative obligation to determine whether it has subject matter jurisdiction over this controversy. The Complaint does not set forth the basis of the Court's jurisdiction, as required by Federal Rule of Civil Procedure 8(a)(1). The defendants'

2

motion to dismiss asserts that the Court has no subject matter jurisdiction over this case. Having reviewed the pleadings, the Court concludes that the defendants are correct and that the Court does not have subject matter jurisdiction over this matter.

First, the matter does not "arise under" the Constitution or federal law so as to confer federal question subject matter jurisdiction on the Court pursuant to 28 U.S.C. § 1331. *See Louisville & Nashville R.R. v. Mottley*, 211 U.S. 149, 152 (1908). In *Mottley*, the Court noted "that a suit arises under the Constitution and laws of the United States only when the plaintiff's statement of his own cause of action shows that it is based upon those laws or that Constitution." *Mottley*, 211 U.S. at 152; s*ee also Lontz v. Tharp*, 413 F.3d 435, 439 (4th Cir. 2005); *Garvin v. Alumax of South Carolina, Inc.,* 787 F.2d 910, 913 (4th Cir. 1986). Moreover, if the federal claim "is so feeble, so transparent an attempt to move a state-law dispute to federal court . . . it does not arise under federal law at all." *Oak Park Trust & Sav. Bank v. Therkildsen*, 209 F.3d 648, 650 (7th Cir. 2000); *see also Williams v. Aztar Ind. Gaming Corp.*, 351 F.3d 294, 299-300 (7th Cir. 2003).

Such is the case here. Plaintiff is seeking to present what is otherwise a wholly state matter – a domestic relations dispute – to a federal court under the guise of a "civil liberty" claim. While several federal agencies are mentioned in the Complaint – the Social Security Administration, the Department of Defense, and the Department of Veterans Affairs, among others – these do not create a federal claim. The Federal Tort Claims Act is mentioned, referring, it appears, to a settlement received previously by plaintiff Cynthia E. Foxworth, but it is not relevant to this matter. The mention of "civil liberties" is no more than an attempt to have the federal court overrule the Family Court's determinations regarding alimony. As such, it is precisely the type of transparent attempt to present a state-law dispute to federal court that federal courts routinely reject.

Further, even if there is complete diversity of citizenship pursuant to 28 U.S.C. § 1332, which there may be in this case, domestic relations matters are appropriately resolved in the appropriate state courts of the relevant state. The Supreme Court of the United States stated that "[t]he whole subject of the domestic relations of husband and wife, parent and child, belongs to the laws of the States, and not to the laws of the United States." *In re Burrus*, 136 U.S. 586, 593-94 (1890); *Boggs v. Boggs*, 520 U.S. 833, 848 (1997). By statute, the Family Courts in South Carolina exercise exclusive and original jurisdiction over all cases involving alimony. *See* S.C. Code Ann. § 63-3-530 (1976). The Supreme Court of the United States recently reaffirmed this "domestic relations exception" – holding that "'divorce, alimony, and child custody decrees' remain outside federal jurisdictional bounds" and "recognizing the 'special proficiency developed by state tribunals . . . in handling issues that arise in the granting of [divorce, alimony, and child custody] decrees.'" *Marshall v. Marshall*, 547 U.S. 293, 308 (2006) (quoting *Ankenbrandt v. Richards*, 504 U.S. 689, 703-04 (1992)).

In sum, therefore, the Court lacks subject matter jurisdiction in this matter. Accordingly, this matter will be dismissed for lack of subject matter jurisdiction.

An appropriate Final Order shall issue.

May 27, 2010  /s/
DATE  RICHARD L. WILLIAMS
  SENIOR UNITED STATES DISTRICT JUDGE